UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONALD S. CLARK,

    Plaintiff,

vs.

NATIONAL RECOGNITION
PRODUCTS, INC.,

    Defendant.

Case No. 3:14-cv-287

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (DOC. 11); AND (2) DIRECTING PLAINTIFF TO FILE THE SECOND AMENDED COMPLAINT AFTER APRIL 8, 2015 BUT BEFORE APRIL 15, 2015**

**REPORT AND RECOMMENDATION[1] THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 10) BE DENIED WITHOUT PREJUDICE TO REFILE**

---

This civil case is before the Court on Plaintiff Ronald S. Clark's ("Clark") motion for leave to file a second amended complaint. Doc. 11. Defendant National Recognition Products, Inc. ("NRP") filed a memorandum in opposition (doc. 15) and Clark filed a reply memorandum (doc. 16).[2] The Court has carefully considered all of the foregoing documents, and the motion is now ripe for decision.

**I.**

Clark originally filed this case on July 28, 2014 in the Darke County Common Pleas Court. Doc. 1-3 at PageID 11-14. On August 21, 2014, Clark filed his first amended

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Clark's motion for leave to file a second amended complaint was filed approximately two weeks after NRP filed a motion for partial judgment on the pleadings (doc. 10).

complaint in the Common Pleas Court.  Doc. 3 at PageID 49-54.  On August 29, 2014, NRP removed the case to this Court on the basis of diversity jurisdiction.  Doc. 1 at PageID 2.  Clark now seeks leave to file a second amended complaint -- a request sought over one month after expiration of the Court's January 9, 2015 deadline for filing amended pleadings.  Doc. 11 at PageID 125-26.

At the time Clark filed his first amended complaint, he worked for NRP.  Doc. 3 at PageID 49.  Clark alleges that as part of his employment with NRP, he entered into a long-term incentive plan ("LTIP") making him eligible for certain benefits in return for accepting, among other restrictions, a non-compete agreement.  *See* doc. 4 at PageID 77-83.  Clark contends that NRP engaged in a scheme to avoid triggering the LICP.  *See* doc. 3 at PageID 50.  In addition to claims of fraud and breach of contract, Clark also alleges age and disability discrimination claims and retaliation.  *Id*. at PageID 52-54.

To that latter end, Clark alleges that after complaining to NRP President Andy Billet about age and disability discrimination, he was "subjected to [an] increasingly hostile work environment[,]" which allegedly included "comments about not being able to operate a computer . . . having memory issues . . . [and] receiv[ing] an overall negative mid-year evaluation." *Id*. at PageID 65.  Clark claims he then received a formal written warning and was demoted from sales manager to sales representative.  *Id*.  Ultimately, on January 14, 2015 -- six months after he initiated this lawsuit -- NRP fired Clark.  *See* doc. 11 at PageID 126; doc. 11-1 at PageID 131.

Clark now seeks to file a second amended complaint to allege additional claims of retaliation based upon his termination.  Doc. 11 at PageID 126.  Clark also seeks to add factual averments "to conform  . . . to the arguments that will be made at trial." *Id*.  NRP opposes

2

Clark's request for leave, arguing that he fails to demonstrate good cause for failing to seek leave to amend before the Court's January 9, 2015 deadline for amending the pleadings. Doc. 15 at PageID 168. NRP argues that the facts sought to be pled in Clark's proposed second amended complaint were known to him in advance of the January 9th deadline. *Id*. at PageID 168-70.

**II.**

As a general rule, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, Courts are also required to enter a scheduling order in all cases that must set forth, among other requirements, "the time to . . . amend the pleadings[.]" Fed. R. Civ. P. 16(b)(3)(A). Such scheduling order "may be modified only for good cause and with the [J]udge's consent." Fed. R. Civ. P. 16(b)(4). Accordingly, once the deadline set forth in the scheduling order for amending the pleadings expires, "modification is permitted under Rule 16 if [the party seeking leave] can demonstrate 'good cause' for their failure to comply with the original schedule, by showing that despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003) (citation omitted).

Here, although many of the new factual averments in Clark's proposed second amended complaint were known to him -- or could have been discovered with reasonable diligence before expiration of the January 9th amendment deadline -- one significant fact occurred after the expiration of that deadline, *i.e.*, Clark's termination (occurring, as noted, on January 14, 2015). Accordingly, the Court finds good cause exists to allow Clark leave to file a second amended pleading.

3

### III.

Based on the foregoing, the Court **GRANTS** Clark's motion for leave to file a second amended complaint. Doc. 11. Clark shall file such second amended complaint after April 8, 2015,[3] but before April 15, 2015. As previously **ORDERED** (doc. 14 at PageID 164), Defendant shall have twenty (20) days after the filing of the second amended complaint to move, answer or otherwise plead.

Because NRP's motion for judgment on the pleadings is directed to the first amended complaint, the undersigned **RECOMMENDS** that NRP's motion (doc. 10) be **DENIED AS MOOT AND WITHOUT PREJUDICE TO REFLIE**. *See Laning v. Doyle*, No. 3:14–cv–24, 2014 WL 2805240, at *1-2 (S.D. Ohio June 20, 2014) (Rice, J.).

Date:   April 6, 2015                    *s/ Michael J. Newman*
                                          Michael J. Newman
                                          United States Magistrate Judge

---

[3] The parties acknowledge that, pursuant to 29 U.S.C. § 626(d)(1), Clark cannot file any claim under the Age in Employment and Discrimination Act ("ADEA") until expiration of 60 days after the filing of an EEOC charge. *See* doc. 15 at PageID 170; doc. 16 at PageID 190-91. The parties both acknowledge that Clark filed his EEOC charge on February 6, 2015 (*see* doc. 15 at PageID 170; doc. 16 at PageID 190-91), making April 8, 2015 the sixty-first day following the filing of his EEOC charge.

## **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).